The complaint alleged: That J. B. Barnes is dead and the plaintiff has been duly appointed, and qualified as his administrator.
That on or about the 25th day of June, 1873, the intestate of the plaintiff, and the defendant through its authorized agent agreed, that if the intestate would pay the defendant the sum of fifty dollars, the defendant would insure the life of the intestate for a period of six months, and in case the intestate should die within said period, the defendant would pay to the personal representative of the intestate, the sum of five thousand dollars.
That shortly after this agreement, the intestate paid to the defendant, through its agent, about forty-five dollars, all that he agreed to pay, except $5.67, which was received on said agreement by the defendant, and no part thereof has ever been returned, either to the intestate during his lifetime, or the plaintiff since his death.
That before the expiration of said six months, the intestate died, and the defendant was notified of his death, and demand duly made upon the plaintiff to pay the five thousand dollars, or a ratable part thereof, which the defendant refuses to do. *Page 31 
That no policy of insurance was ever issued by the defendant (23) to the intestate, and if any written application was ever made by the intestate to the defendant, the plaintiff has no copy of it, and has never seen the same.
To this complaint the defendant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action:
1. In that it does not set forth in said complaint the application made by said J. B. Barnes, which is a material and necessary part of the contract, if any, made between the parties, and the basis of said complaint, and the plaintiff should allege and prove the truth thereof.
2. That said complaint does not allege that the first premium was paid by the plaintiff's intestate, or a proper receipt from any authorized agent of the company given therefor.
3. That said complaint does not allege that any policy was ever delivered to the plaintiff's intestate, or that he was legally entitled thereto, and such allegation is a material and necessary part of said complaint, to show that any contract was in fact or in effect consummated or entered into by the said parties.
Upon the hearing, his Honor in the court below, sustained the demurrer, and gave judgment in favor of the defendant; thereupon the plaintiff appealed.
The demurrer must be sustained. The plaintiff does not allege that his intestate complied with his contract, or that he offered to do so.
By the contract the intestate agreed to pay the defendant "fifty dollars," as a consideration for a policy of insurance on his life for six months. He paid only forty-five dollars, and gives no excuse for his failure to pay the full amount.
The complaint states that no policy of insurance was ever (24) issued by the defendant to the intestate; and that if any written application for insurance was ever made by the intestate to the defendant, the plaintiff has no copy, and has never seen the same. As the intestate failed to comply with his part of the contract, his representative cannot call upon the defendant to perform his part.
The judgment of the Superior Court is affirmed.
PER CURIAM. Judgment affirmed. *Page 32